```
              UNITED STATES DISTRICT COURT
               MIDDLE DISTRICT OF FLORIDA
                   FORT MYERS DIVISION
```

UNITED STATES OF AMERICA

vs.                                  Case No. 2:01-cr-41-FTM-29DNF

ISABEL LOPEZ
_____

**OPINION AND ORDER**

This matter is before the Court on defendant's Motion Under 18 U.S.C. § 3582(c)(2) for Reduction of Sentence Based on Retroactive Guideline Amendment, Effective March 3, 2008, Concerning Cocaine Base ("Crack") (Doc. #72), filed on March 18, 2008. Defendant seeks a reduction in her sentence in light of Amendment 706 to the United States Sentencing Guidelines, which reduces the base offense level for cocaine base offenses by two levels. Because defendant is not eligible for a reduction of her term of imprisonment under Amendment 706, the motion will be denied.

**I.**

Title 18 U.S.C. § 3582(c) gives the court discretionary authority to reduce the term of imprisonment portion of a defendant's sentence under certain circumstances. Section 3582(c)(2) provides in pertinent part:

> (c) The court may not modify a term of imprisonment once it has been imposed except that -
> . . .
> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in

> section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). The relevant United States Sentencing Guidelines (U.S.S.G.) policy statement is U.S.S.G. § 1B1.10, as amended by Amendment 713 and effective March 3, 2008.

Reading 18 U.S.C. § 3582(c)(2) in conjunction with U.S.S.G. § 1B1.10(a)(1), the general requirements a defendant must establish to be eligible for a reduction of the term of imprisonment are: (1) Defendant had been sentenced to a term of imprisonment; (2) the term of imprisonment was based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o); (3) defendant is still serving the term of imprisonment; and (4) the amendment to the Sentencing Guidelines has been made retroactive by being listed in U.S.S.G. § 1B1.10(c)[1]. Even if generally eligible for a reduction in the term of imprisonment, a defendant must show that a reduction is consistent with the policy statement in U.S.S.G. § 1B1.10. A reduction of a term of imprisonment is not consistent with the Sentencing Guidelines policy statement, and therefore is not authorized by § 3582(c)(2), if none of the retroactive amendments is applicable to defendant, U.S.S.G. § 1B1.10(a)(2)(A), or if the retroactive amendment does not have the effect of lowering defendant's applicable guideline range. U.S.S.G. § 1B1.10(a)(2)(B).

---

[1] United States v. Armstrong, 347 F.3d 905, 909 (11th Cir. 2003).

**II.**

Defendant is not eligible for a sentence reduction under Amendment 706 because defendant is not currently serving a sentence which was imposed pursuant to a Sentencing Guidelines range that has been lowered by the amendment. Amendment 706 lowered the ranges for sentences imposed under U.S.S.G. § 2D1.1. Defendant is currently serving a sentence for violation of supervised release, and that sentence was imposed pursuant to U.S.S.G. § 7B1.4 and 18 U.S.C. § 3583. Amendment 706 did not affect either U.S.S.G. § 7B1.4 or 18 U.S.C. § 3583, and therefore provides no basis for a reduction of the supervised release sentence.

Because defendant is proceeding *pro se*, the Court must construe her request for post-conviction relief liberally, United States v. Brown, 117 F.3d 471, 475 (11th Cir. 1997), and consider all possible bases of authority even though none may be identified by defendant, United States v. Jordan, 915 F.2d 622, 624-25 (11th Cir. 1990), cert. denied, 499 U.S. 979 (1991). The Court has no inherent power to modify or reduce a sentence, but rather must look to the specific parameters of federal statutes and the Federal Rules of Criminal Procedure. United States v. Diaz-Clark, 292 F.3d 1310, 1315 (11th Cir. 2002), cert. denied, 539 U.S. 951 (2003). The Court finds no other basis for jurisdiction to modify or reduce defendant's sentence.

Accordingly, it is now

**ORDERED AND ADJUDGED:**

Defendant's Motion Under 18 U.S.C. § 3582(c)(2) for Reduction of Sentence Based on Retroactive Guideline Amendment, Effective March 3, 2008, Concerning Cocaine Base ("Crack") (Doc. #72) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this   26th   day of March, 2008.

*[signature: John E. Steele]*

JOHN E. STEELE
United States District Judge

Copies:
AUSA Barclift
Isabel Lopez
U.S. Probation
U.S. Marshal